IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN FAWLEY, #320139            *
        Plaintiff,
                                          *

v.                              CIVIL ACTION NO. AW-05-2596
                                          *

LARRY FAWLEY,
        Defendant.            *
                                       ******

**MEMORANDUM**

On September 15, 2005, the Court received Plaintiff's complaint, construed as a civil rights action filed pursuant to 42 U.S.C. § 1983, against Defendant Larry Fawley. Paper No. 1. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2), which shall be granted. Upon review of the instant action, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Plaintiff alleges that his family member, Larry Fawley, has stolen numerous items of personal property from him. Paper No. 1. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that the named Defendant, a private citizen, was acting under color of law, Plaintiff's complaint shall be dismissed.[1]

Plaintiff is hereby notified that he may be barred from filing future suits in forma 6pauperis

---

[1] Plaintiff is free to file a civil complaint, sounding in tort, in the District Court of Maryland for Charles County, the jurisdiction in which Defendant resides.

if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under §1915(e) or Fed. R. Civ. P. 12(b)(6). [2]

A separate Order reflecting the foregoing opinion shall be entered.


| September 22, 2005 | "s" |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.